UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JOHN SANTIAGO,

                  Petitioner,                  **MEMORANDUM AND ORDER**
                                                          08 Civ. 9906 (SCR)(GAY)

      -against-

D. LACLAIR, Superintendent,

                  Respondent.

----------------------------------------------------------------x

    Petitioner John Santiago has moved for certain discovery in this habeas corpus action.  Petitioner Santiago seek the following materials concerning a co-defendant Gregory Williams and another unnamed person in his criminal case in Rockland County: police report, copy of "affirmation in response to defendant's Omnibus motion", certification pursuant to CPL 180.80 (2)(a), copy of the "People's Volunteer Disclosure Form", copy of the "Forged Instrument" (Gift Card); copy of the "Plea Minutes, or any documents" that reflect the disposition of said case; and the number of electronics that were confiscated from my vehicle upon impoundment and the names of said electronics.  Santiago claims in his habeas corpus petition that his trial counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

    Specifically, Santiago contends that his trial counsel did not conduct a reasonable investigation of two potential material witnesses who had exculpatory information and were available to testify at trial.  He further asserts that a competent attorney upon investigating said witnesses would not have advised him to plead guilty.  Santiago also

contends in his petition that his trial counsel was ineffective in advising him of the sentencing consequences of his guilty plea.  The respondent opposes the motion contending that Santiago has not made a specific showing of good cause to why he is entitled to discovery in this habeas action.

A habeas corpus petitioner is not entitled to discovery as a matter of law.  <u>Drake v. Portuondo</u>, 321 F.3d 338, 346 (2d Cir. 2003)(citation omitted).  However, pursuant to Rule 6 of the Rules Governing 28 U.S.C. §2254 cases, in the United States District Courts, a judge may, "for good cause authorize a party to conduct discovery under the Federal Rules of Civil Procedure."  To establish good cause, a petitioner must "set forth specific allegations that provide reason to believe the petitioner may, if the facts are fully developed, be able to demonstrate that he is ...entitled to relief[]."  <u>Defino v. Thomas</u>, No. 02 Civ. 7413, 2003 WL 40502, at *4 (S.D.N.Y. Jan. 2, 2003).[1]

Here, based upon a review of the papers submitted by both sides, the Court concludes that petitioner has failed to make specific allegations showing that he might be entitled to the habeas corpus relief he seeks if the facts are more fully developed through the discovery that he seeks.  Petitioner does not explain how the facts that he seeks to develop through discovery will support his ineffective assistance of counsel claims.  The Court notes that the defendant admitted under oath in his state court guilty plea  proceeding in Rockland County that he bought merchandise using a fake credit card,  that he knew that the credit card was fake and that he did not have permission to use the credit card account number that was on the fake card.

---

[1]A copy of this unreported cases will be sent to the *pro se* petitioner along with this Order.

Accordingly, petitioner's motion for discovery is denied.

SO ORDERED

Dated: June 19, 2009
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.