USDC SDNY
DOCUMENT
ELECTRONI
~~DOC #:~~
DATE FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE APPLICATION OF

JOHN SANTIAGO, #07A1732 – Petitioner

–against–

D. LACLAIR, SUPERINTENDENT, FRANKLIN C.F – Respondent

REVIEWED BY THE HONORABLE MAGISTRATE JUDGE, G.A. YANTHIS
08 Civ. 9906 (BAT)(GAY)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUPPORTING DOCUMENTS:

WRITTEN OBJECTIONS TO REPORT AND RECOMMENDATION

RELIEF REQUESTED:

THAT A WRIT FOR A HABAES CORPUS AND OR AN EVIDENTIARY HEARING BE GRANTED FOR THE REASONS STATED IN THE INITIAL PETITION AND THE REASONS STATED WITHIN THIS OBJECTION TO THE REPORT AND RECOMMENDATION

ENCLOSED COPY TO:

1). CLERK OF THE COURT
    UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
    300 QUARROPAS STREET
    WHITE PLAINS, NEW YORK 10601


2). CHAMBERS OF THE HONORABLE,
    GEORGE A. YANTHIS, MAGISTRATE JUDGE
    UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
    300 QUARROPAS STREET
    WHITE PLAINS, NEW YORK 10601

PREPARED BY: JOHN SANTIAGO – PRO-SE LITIGANT
AUBURN CORRECTIONAL FACILITY

STATES DISTRICT COURT
N DISTRICT OF NEW YORK:
----------------------------------x
matter of the application of

NTIAGO, #07A1732
titioner,

gainst-

AIR, SUPERINTENDENT, FRANKLIN C.F.
spondent,
----------------------------------x

OBJECTIONS TO RI
AND RECOMMENDAT:

08 civ. 9906 (B/

F NEW YORK )
OF CAYUGA  )ss:

I, **John Santiago**, am the petitioner in the above entitled-acti

the following statements to be true under the penalties of perju

1). I am a Pro-Se litigant in the above entitled-action and as

familiar with the facts of this matter.

2). I submit this "Written Objections" in opposition to the Ho

te Judge, George A. Yanthis, Report and Recommendation, that pet

habeas corpus be denied for the reasons therein.

3). I prepared this written objection upon information and bel

on my research and review of the entire record and report and re

4). I, John Santiago, from herein would be referred to as peti

District Attorney's Office whom represent the Superintendent, wo

to as the respondent.

5). Please take notice, that this objection is being filed in

directive of the report and recommendation of the

6). On November 12, 2010, petitioner received a copy of said r ommendation and is hereby complying with said directive and submi objection in a timely fashion, which a copy has been forwarded t f this Court.

7). Please refer to the attached "written objection" to the re ommendation of the Honorable George A. Yanthis, United States Mag

John Santiago, #07
Auburn Correctiona
135 State Street,
Auburn, New York 1

rk of the Court
ted States District Court
Quarropas Street
te Plains, New York 10601

STATES DISTRICT COURT
N DISTRICT OF NEW YORK:
-----------------------------------x
matter of the application of

NTIAGO, #07A1732                              OBJECTIONS TO
titioner,                                     AND RECOMMEND/

gainst-                                       08 Civ. 9906 (

AIR, SUPERINTENDENT, FRANKLIN C.F.
spondent,
-----------------------------------x
THE HON. DISTRICT JUDGE, BATTS:


## OBJECTIONS TO REPORT AND RECOMMENDATION:

1). In addressing the present writ, this Honorable Court shoul that petitioner is proceeding as a pro-se litigant, hence, his s be held, "to a less stringent standards than formal pleading draf ..." Hughes v. Rowe, 449 U.S. 5, 9. Ferran v. Town of Nassau, 11 Cir. 1993). Therefore, this Court should read the pleading of th er herein, liberally and interpret them to raise the strongest a ggest. McPherson v. Coombe, 174 F.3d 276, 280 (2nd Cir. 1999). Ne itioner is also aware that pro-se status does not exempt a party ce with relevant rules of procedural and substantive law. Tragut 10 F.2d 90, 95 (2nd Cir. 1983).

## POINT ONE - IN OBJECTION:

2). The Magistrate Judge, George A. Yanthis, concluded that pe

...on is contrary to petitioner's contention. Thus, he has not prov

...d convincing evidence to refute the state court's finding. (repo

...dation, pg 6.)

3). The Honorable Judge, Yanthis, went on further to conclude

...er also failed to establish that the state court's decision was

...involved an unreasonable application of, the **Strickland** standard.

...[p]etitioner fails to overcome the presumption that, under th

...ances, his counsel's action could be considered a sound defense

4). Nevertheless, despite the provision of the plea allocution

...er retains the right to contend that there were errors in the pr

...d to the acceptance of petitioner's guilty plea. Therefore, the p

...ion is not the factual basis for review and this Court should tur

...ence of counsel's performance prior to the plea.

5). Turning to the principles that are governing in the matter

...nder Supreme Court Precedent, **Hill v. Lockhart, 474 U.S. 52, (198**

... prong of **Strickland v. Washington, 466 U.S. 668,** does apply. Hc

... defendant enters a guilty plea upon counsel's advice, the volunt

...plea depends on whether the advice was within the range of compet

...d of attorney in criminal cases. **Hill v. Lockhart, 474 U.S. 52.**

6). Petitioner pleaded guilty in accordance with counsel's adv

...y 5, 2007. Therefore, this Court must turn its attention to the r

...sel's advice and the basis that counsel relied upon, in determini

...ndation into pleading guilty, and as a result, whether such recom

e circumstances, his counsel's action could be considered a soun
. (Report and Recommendation, pg 6.). Under **Strickland v. Washin**
Court agreed that the six Amendment imposes on counsel a duty to
reasonably effective assistance must be based on professional de
rmed legal choices that can be made only after investigation of
t observed that counsel's investigatory decision must be assesse
nformation known at the time of the decision, not in hindsight,
mount of pretrial investigation that is reasonable defies precis
ent." The Court also concluded that; [t]he reasonableness of cou
ay be determined or substantially influenced by the defendant's
ts or actions. Counsel's action are usually based, quite properl
strategic choices made by the defendant and on information supp
endant. In particular, what investigation decision are reasonable
ly on such information.

8). Here, counsel was informed that petitioner had a witness t
ory testimony and that said witness was located in the same Coun
itioner was in at the time. Counsel just flat out refused to inv
ential witness and continued to advise petitioner to plea guilty
5, 2007, during the jury selection; petitioner pleaded guilty u
s advice. Petitioner accepted counsel's advice and pleaded guilt
s, without any corroborating evidence or testimony that petition
of the fraudulent status of the gift card, petitioner was doomed

and all other related material to substantiate his claims and th
said motion, nor did it even want to grant an evidentiary hearing
ct, petitioner's claims were true, hence, petitioner has no othe
on, but to allege.

9). The Supreme Court in **Strickland,** clearly stated that..."[i
one plausible line of defense...counsel must conduct a 'reasonabl
gation' into the line of defense, since there can be no strategic
ders such an investigation unnecessary." Petitioner only had one
"that he did not know the gift card was fraudulent." Therefore,
bligation to conduct an investigation to determine whether petit
lea guilty or not, without having a basis to determine such reco
unsel's performance fell below the range of competence demanded
nal cases. As a result, the lack thereof, cannot be inferred as
c and tactical alternative.

### POINT TWO - IN OBJECTION:

10). In the report and recommendation, the Hon. Judge Yanthis,
nt two of petitioner's claim be dismissed on the basis that peti
ge that absent said deficiency, he would have pleaded not guilty
to trial. As such, petitioner did not allege he suffered prejud
mmendation, pg. 8, para 3.).

11). Petitioner does not agree with the report and recommendat
o abandon this claim (point two, counsel was unfamiliar with the

### POINT THREE - IN OBJECTION:

12). Petitioner would like to clarify, reiterate and emphasize not contest the revocation of parole as the respondent wish for believe, so as to place the focus on the "collateral consequenc e" to dismiss petitioner's writ.

13). Here, petitioner is contending that Penal Law 70.25(2-a) 30 (1)(b) had such a definite, immediate and largely automatic ef ge of punishment as to constitute a direct consequence of the ple g the maximum negotiated term.

14). Under Supreme Court precedent, **Brady v. United States, 39** th Carolina v. Alford, 400 U.S. 25, 31, a defendant has a consti ess right to be informed of the direct consequences of his plea, connote. In the matter at hand, although, petitioner was eventua ed to the negotiated 1½ to 3, that sentence was directed to run c discharged term. In accordance with case law from the Appellate **. Morbillo, 56 A.D.3d 694 (3rd dept. 2008)**, the imposition of a , to an undischarged term, is a "direct consequence" and therefo d/or counsel must inform the defendant prior to the plea, that h consecutive to his undischarged term, if not, the plea cannot b y and intelligently, in violation of the due process clause. **Peo N.Y.3d 242 (2005).** This principle involves an unreasonable appli al Law and contrary to Supreme Court precedent. **Brady v. United**

15). Petitioner's negotiated sentence of a 3 year maximum term

...ted sentence, violates the double jeopardy clause. **United States**

...esco, 449 U.S. 117, emphasis added.

16). Petitioner's supplemental pleadings was evidence that pet...
...ed parole board appearance after the legal requirements of the ne...
...maximum, continues to be reviewed for discretionary release for t...
...(Att. CPFI 2°) that petitioner has completed the legal requireme...
...l years. This is undisputed, a direct consequence.

17). This matter is not identical to **Wilson v. McGinnis, 413 F**...
...r. 2005), where the court addressed two consecutive state sentenc...
...rt ruled that because the trial court had the "discretion" to sen...
...endant to concurrent or consecutive terms, under Penal Law 70.25...
...secutive sentence imposed was a collateral consequence. Here, pet...
...that there is no discretion in the trial court under Penal Law 70...
...refore, renders the consecutive sentence imposed, a direct conseq...
...etitioner should have been informed about, prior to the plea, sin...
...tory statute that imposes an enhanced punishment on petitioner's...

**WHEREFORE,** petitioner relies upon his Memorandum of Law, in Re...
...ondent's Opposition and the contentions herein, for this court no...
...rt and recommendation as set forth by the Honorable Judge Yanthi...
...order an evidentairy hearing to determine whether counsel was ine...
...erformance and whether petitioner plea was entered knowingly and...

John Santiago, #07A1732
Auburn Correctional Facility
135 State Street, P.O.Box 618
Auburn, New York 13024

November 22, 2010



f the Court
States District Court
n District of New York
rropas Street
lains, New York 10601

Civ. 9906 (Bat)(GAY).

urt Clerk:

    Please find enclosed an original copy of a "written objection"
d by a report and recommendation by the Hon. George A. Yanthis.
n, a copy is being forwarded to your office as directed by the H
, in his report. This written objection is being filed in a time
and therefore, the District Judge has the necessary documents t
with review and render a determination. Thank you for your time

John Santiago, #07A17



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

# MEMORANDUM
*Pro Se* Office

Honorable Deborah A. Batts, USDJ

*Se* Office, x0177 (PMC)

December 6, 2010

ntiago         v.   J. Lacliae        , No. 08 Civ. 9906

attached document, which was received by this Office on 11/30/10, has
 the Court for filing. The document is deficient as indicated below. Inste
the document to the docketing unit, I am forwarding these papers to you for
n. See Fed. R. Civ. P. 5(d)(2)(B), (4). Please return this memorandum with the att
is Office indicating at the bottom what action should be taken.

riginal signature.

ffirmation of service/proof of service

document appears to be a request in the form of a letter.

r:_____
_____
_____
_____

EPT FOR FILING              (  )  RETURN TO *PRO SE* LITIGAN